IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JEFFREY L.K. GRAY, )<br>)<br>Defendant. )<br>_____ ) | CIVIL NO. 07-00582 JMS/BMK<br>CR. NO. 04-00145 JMS<br><br>ORDER DENYING MOTION FOR<br>WRIT OF HABEAS CORPUS |

**ORDER DENYING MOTION FOR WRIT OF HABEAS CORPUS**

**I. INTRODUCTION**

On November 21, 2007, Defendant Jeffrey L.K. Gray ("Gray") filed a pro se "Emergency Motion for Writ of Habeas Corpus to Review Bureau of Prison Calculation of Defendant's Sentence with Respect to Credit for Time Served." During a November 27, 2007 Status Conference, the court appointed Deputy Federal Public Defender Shanlyn Park ("DFPD Park") to represent Gray, and informed the parties that the court was construing the motion as a writ of habeas corpus brought under 28 U.S.C. § 2241.[1]  Based on DFPD Park's request, the

---

[1] *See Tucker v. Carlson*, 925 F.2d 330, 331-32 (9th Cir. 1991) (holding that a federal prisoner's challenge to the duration of his confinement should be construed as a § 2241 petition for habeas corpus).

court granted Gray leave to file a supplemental memorandum in support of his motion, which he filed on February 1, 2008.  The United States filed a reply to Gray's supplemental memorandum on February 29, 2008.  The court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d).  After careful consideration of all the pleadings, the court DENIES Gray's Motion for Writ of Habeas Corpus.

## II.  **BACKGROUND**

On November 13, 2002, after the execution of a search warrant, Gray was arrested by officers of the Maui Police Department for various offenses, including prohibited possession of ammunition.  Gray Supplemental Mem. Ex. A.  He remained in state custody until his release on November 15, 2002.  On November 18, 2002, Gray was charged by the State of Hawaii in a twelve-count indictment, including a charge that he knowingly possessed .22 caliber ammunition on November 13, 2002, after having been convicted of a felony offense.  On January 30, 2003, Gray was taken back into state custody on the November 18, 2002 charges.  *Id.*[2]

---

[2] These charges --  including the prohibited possession of ammunition -- were dismissed by the state on April 28, 2004.  Gray Supplemental Mem Ex. A.  Gray was thus never convicted in state court of the illegal possession of ammunition on November 13, 2002.

Gray was released from state custody on March 6, 2003, but was re-arrested and again placed into state custody on March 7, 2003, based on new state charges. This state indictment, Criminal No. 03-1-0066(1), charged Gray with various drug offenses and the illegal possession of a firearm, all based on events occurring in the year 2000. Presentence Investigation Report ("PSR") ¶ 37; Gov't Reply Ex. A. After being found guilty by a jury on three counts, Gray was sentenced to a total term of incarceration of ten years on these charges on March 19, 2004, and the Hawaii Paroling Authority determined that Gray must serve a minimum term of four years imprisonment. PSR ¶ 37.

On June 10, 2003, Gray was arrested on yet another state indictment, Criminal No. 03-1-0256(1). This May 27, 2003 indictment charged Gray with unauthorized control of a propelled vehicle, resisting an order to stop a motor vehicle, reckless driving of a vehicle, property damage in the fourth degree, and driving without a license, all based on events occurring on or about November 27, 2002. PSR ¶ 36; Gov't Reply Ex. A.[3] After entering pleas of guilty, Gray was sentenced to a total term of incarceration of five years on May 24, 2004, and the

---

[3] Gray was originally arrested for these offenses on November 27, 2002 and posted bail on that day. Gov't Reply Ex. A.

Hawaii Paroling Authority determined that Gray must serve a minimum term of four years imprisonment. PSR ¶ 36; Gov't Reply Ex. A.

On April 7, 2004, Gray was charged in a two-count federal indictment based on the execution of the November 13, 2002 search warrant. The indictment alleged that Gray knowingly possessed in and affecting commerce a Winchester 30-30 caliber rifle after having been convicted of a felony offense (count 1), and knowingly possessed in and affecting commerce a .22 caliber long rifle cartridge after having been convicted of a felony offense (count 2), both in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On April 14, 2004, a Writ of Habeas Corpus Ad Prosequendum was issued for Gray, and he entered a plea of guilty to count 2 of the indictment on December 29, 2004.

During Gray's October 20, 2005 federal sentencing hearing, DFPD Park requested the court to take into consideration the fact that "Mr. Gray had spent fifteen months in pretrial State custody in regards to this same bullet." Oct. 20, 2005 Tr. 19 (Docket No. 46). At that time, based on a letter from the Hawaii Paroling Authority, DPFD Park believed that Gray would not receive any credit from the Parole Board for his state convictions based on these fifteen months of incarceration. *Id.* at 24-25. Given the remaining uncertainty on this issue, however, the court continued sentencing so that the parties could determine how

much credit, if any, Gray would receive from the Hawaii Paroling Authority based on his prior fifteen month period of incarceration. *Id.* at 28.

On February 21, 2006, DFPD Park wrote to John Rathman, Warden of the Federal Detention Center Honolulu. Gray Supplemental Mem. Ex. A. In that letter, Rathman was asked whether the Federal Bureau of Prisons ("BOP") would credit Gray for the 15 month period of incarceration in state custody. DFPD Park explained that, "[o]n February 7, 2006, I was informed by Thomas L. Read, Administrator of the Department of Public Safety for the State of Hawaii that the 15 months state incarceration period could not be credited to any other state sentence." *Id*.

In a March 1, 2006 letter, Warden Rathman responded that "[i]n review of the facts provided, it has been determined that inmate Gray would receive a total of 485 days, which converts to one year and four months of jail credit time." Gray Supplemental Mem. Ex. B. In other words, based on the information provided -- including that Gray would not receive credit on his state sentences for the prior period of incarceration -- Warden Rathman concluded that Gray would receive credit for this prior period of incarceration on his federal sentence.

Based on Warden Rathman's letter, DFPD Park withdrew her request that the court provide Gray with credit for time spent in state custody in fashioning his sentence. Apr. 3, 2006 Tr. 2-3 (Docket No. 45). On April 3, 2006, the court sentenced Gray to a 24 month period of incarceration. *Id*. at 7, 9.

The Hawaii Paroling Authority released Gray on parole on June 21, 2007.[4] Gov't Reply Ex. A. The State of Hawaii Department of Public Safety Record of Presentence Credits reflects that Gray received 349 days of presentence credit in Cr. No. 03-1-0256(1) and 377 day of presentence credit in Cr. No. 03-1-0066(1).[5] *Id.* Based on the fact that the state applied credit to Gray's state sentence, the BOP did not apply 485 days of credit to Gray's federal sentence as stated in Warden Rathman's letter. Instead, the BOP applied credit to the federal sentence that was not credited to the state sentence. That is, Gray was credited with a total of 39 days, consisting of 3 days for the time period November 13, 2002 until November 15, 2002 and 36 days for the time period January 30, 2003 until March 6, 2003. *Id*.

---

[4] As a result, Gray began serving his federal sentence on June 21, 2007.

[5] In Cr. No. 03-1-0256(1), Gray received 1 day of presentence credit for November 27, 2002, and 348 days of presentence credit for the time period June 10, 2003 until May 24, 2004; in Cr. No. 03-1-0066(1), Gray received 377 days of presentence credit for the time period March 7, 2003 until March 19, 2004. He therefore received a total credit for both cases of 446 days (1 day for November 27, 2002 and 445 days for the time period March 7, 2003 until May 24, 2004).

## III.  ANALYSIS

Gray makes two arguments: 1) that he was denied credit on his federal sentence for time served in state custody from March 7, 2003 until November 7, 2007; and 2) the BOP is estopped from applying only 39 days of credit, and instead must apply the 485 days as set forth in Warden Rathman's March 1, 2006 letter.  The court rejects both arguments.[6]

**A.   Credit for Time Served Between March 7, 2003 and November 7, 2007**

Gray's argument that he was denied credit on his federal sentence fails for two reasons: his federal sentence runs consecutive to his state sentence and the BOP is precluded from providing credit on a federal sentence previously applied to a state sentence.

First, because this court did not order Gray's 24 month federal sentence to run concurrent to his state sentences, his federal sentence runs

---

[6] Although not clear, it appears that Gray may have failed to exhaust his administrative remedies prior to filing the instant action.  *See United States v. Wilson*, 503 U.S. 329, 335 (1992) ("Federal regulations have afforded prisoners administrative review of the computation of their credits, and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies." (quotation and citation omitted)); *United States v. Checchini*, 967 F.2d 348, 350 (9th Cir. 1992).  Because the United States has not raised a failure to exhaust defense, the court will nonetheless consider the merits of Gray's motion.  *See Day v. McDonough*, 547 U.S. 198, 205 (2006) (describing exhaustion of remedies in the habeas context as an affirmative defense akin to a statute of limitations defense); *Granberry v. Greer*, 481 U.S. 129, 132 n.5 (1987) ("[T]he answer to a habeas petition shall state whether the petitioner has exhausted his state remedies including any post-conviction remedies available to him under the statutes or procedural rules of the state." (quotation omitted)).

consecutive to his state sentences as a matter of law. *See* 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); *see also United States v. Chea*, 231 F.3d 531, 535 (9th Cir. 2000) ("Pursuant to 18 U.S.C. § 3584(a), in the absence of an order to the contrary, a federal sentence is to run consecutively to a prior state sentence.").

Second, because the state ultimately provided Gray credit for much of the time he previously spent in state custody, the BOP was not authorized to give him credit for this same time on his federal sentence. Pursuant to 18 U.S.C. § 3585:

> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

*See also United States v. Wilson*, 503 U.S. 329, 337 (1992) (In enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his

detention time."); *United States v. Dennis*, 926 F.2d 768, 770 (8th Cir. 1991) ("A defendant is entitled to credit for time spent in official detention only if it has not been credited against another sentence."). Under the facts of this case, Gray is not entitled to have his federal sentence credited with the time that was credited by the Hawaii Paroling Authority to his state sentences. As a result, his federal sentence began to run on June 21, 2007, the date that he was paroled from his state sentences. Gov't Reply Ex. A.[7]

**B.     Estoppel Against the Government**

> To establish grounds for estoppel against the United States, Gray
>
> must first demonstrate that the four traditional elements of
> equitable estoppel are met. Those elements are (1) the party to
> be estopped knows the facts, (2) he or she intends that his or
> her conduct will be acted on or must so act that the party
> invoking estoppel has a right to believe it is so intended, (3) the
> party invoking estoppel must be ignorant of the true facts, and
> (4) he or she must detrimentally rely on the former's conduct.
> In addition, a party seeking to estop the government must
> establish two additional factors: (1) the government has
> engaged in affirmative misconduct going beyond mere
> negligence and (2) the government's act will cause a serious

---

[7] Moreover, the BOP need not provide credit on Gray's federal sentence after he was brought into federal custody under the Writ of Habeas Corpus Ad Prosequendum. *See United States v. VonWillie*, 59 F.3d 922, 930-31 (9th Cir. 1995) (holding that time spent on a federal writ need not be credited against a federal sentence if it has been credited to a state sentence and the federal sentence is to run consecutively to the state sentence). Gray, in fact, was credited with state time during the period that he was subject to the federal writ. Gov't Reply Ex. A.

> injustice and the imposition of estoppel will not unduly harm the public interest.

*United States v. Gamboa-Cardenas*, 508 F.3d 491, 502 (9th Cir. 2007) (internal quotations and citations omitted). Gray fails to meet this test on several grounds.

The first element requires that the party to be estopped, the United States, knows the facts. Here, based on DFPD Park's February 21, 2006 letter, Warden Rathman was told, according to Thomas L. Read, Administrator of the Department of Public Safety for the State of Hawaii, "that the 15 months state incarceration period could not be credited to any other state sentence." Gray Supplemental Mem. Ex. A. In his March 1, 2006 response, Warden Rathman responded that "[i]n review of the facts provided, it has been determined that inmate Gray would receive a total of 485 days, which converts to one year and four months of jail credit time." Gray Supplemental Mem. Ex. B. The critical "fact" known to Warden Rathman, as provided by Gray's counsel, was that Gray would not receive any credit for the time on his state sentences. Given this fact, Warden Rathman was more than justified in concluding that Gray would be given federal credit for this time.

For this same reason, the court finds that Warden Rathman did not engage "in affirmative misconduct going beyond mere negligence." Based on the information provided to him, his response was reasonable and apparently accurate. *See* 18 U.S.C. § 3585(b).

It is equally clear that the failure to allow Gray to "double dip" presentence credits does not cause a serious injustice to Gray or the public. In fact, Gray received credit for all of the time he previously spent in custody, with most applying to his state sentences and 39 days applying to his federal sentence.

## IV.  CONCLUSION

Gray's Motion for Writ of Habeas Corpus is DENIED. The Clerk of Court is directed to enter judgment and terminate this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 5, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Gray*; Civ. No. 07-00582 JMS/BMK, Cr. No. 04-00145 JMS; Order Denying Motion for Writ of Habeas Corpus